UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MYZEL FRIERSON,                       :
                                      :   Civil Action No. 13-682 (FSH)
          Plaintiff,                  :
                                      :
     v.                               :   **MEMORANDUM OPINION**
                                      :
NJ DEPARTMENT OF                      :
CORRECTIONS, et al.,                  :
                                      :
          Defendants.                 :

**APPEARANCES**:

Plaintiff pro se
Myzel Frierson
South Woods State Prison
215 Burlington Road
Bridgeton, NJ  08302

**HOCHBERG**, District Judge

Plaintiff Myzel Frierson, a prisoner confined at South Woods State Prison in Bridgeton, New Jersey, seeks to bring this civil action in forma pauperis, without prepayment of fees or security, asserting claims pursuant to 42 U.S.C. § 1983.

Civil actions brought in forma pauperis are governed by 28 U.S.C. § 1915.  The Prison Litigation Reform Act of 1995, Pub. L. No. 104-135, 110 Stat. 1321 (April 26, 1996) (the "PLRA"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action or file an appeal in forma pauperis.

Under the PLRA, a prisoner seeking to bring a civil action in forma pauperis must submit an affidavit, including a statement

of all assets and liabilities, which states that the prisoner is unable to pay the fee.  28 U.S.C. § 1915(a)(1).  The prisoner also must submit a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his complaint.  28 U.S.C. § 1915(a)(2).  The prisoner must obtain this certified statement from the appropriate official of each correctional facility at which he was or is confined during such six-month period.  Id.

Even if the prisoner is granted in forma pauperis status, the prisoner must pay the full amount of the $350 filing fee in installments.  28 U.S.C. § 1915(b)(1).  In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court an installment payment equal to 20 % of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).

Plaintiff may not have known when he submitted his complaint that he must pay the full $350 filing fee,[1] and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action: (1) is frivolous or

---

[1] Plaintiff used an out-of-date form Application which states that the filing fee is $150 and which contains an authorization for periodic deductions from Plaintiff's account until the $150 filing fee is paid.  In fact, the filing fee is now $350.

malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B) (in forma pauperis actions).  See also 28 U.S.C. § 1915A (dismissal of actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (dismissal of prisoner actions brought with respect to prison conditions).  If the Court dismisses the case for any of these reasons, the PLRA does not suspend installment payments of the filing fee or permit the prisoner to get back the filing fee, or any part of it, that has already been paid.

If the prisoner has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed on the grounds that it was frivolous or malicious, or that it failed to state a claim upon which relief may be granted, he cannot bring another action in forma pauperis unless he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

In this action, Plaintiff did submit a complete in forma pauperis application as required by 28 U.S.C. § 1915(a)(1), (2), including a certified institutional account statement.  See, e.g., Tyson v. Youth Ventures, L.L.C., 42 Fed.Appx. 221 (10th Cir. 2002); Johnson v. United States, 79 Fed.Cl. 769 (2007).  However, as noted previously, Plaintiff used an out-of-date form

3

of Application, which states that the filing fee is $150; to the contrary, the filing fee is now $350. To ensure that Plaintiff understands that the filing fee is now $350, and to ensure that Plaintiff understands that, if he is granted leave to proceed in forma pauperis, he must submit to periodic withdrawals from his institutional account until the $350 filing fee is paid, this Court will deny without prejudice the Application for leave to proceed in forma pauperis and will grant Plaintiff leave to apply to re-open if he wishes to proceed with the understanding that, if granted leave to proceed in forma pauperis, he must eventually pay the full $350 filing fee.

The allegations of the Complaint do not suggest that Plaintiff is in imminent danger of serious physical injury.

## CONCLUSION

For the reasons set forth above, Plaintiff's application for leave to proceed in forma pauperis will be denied without prejudice and the Clerk of the Court will be ordered to administratively terminate this action, without filing the complaint or assessing a filing fee. Plaintiff will be granted leave to apply to re-open within 30 days.[2]

---

[2] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is reopened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally filed timely. See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); McDowell v. Delaware State Police, 88 F.3d 188, 191 (3d Cir. 1996); see also Williams-Guice

4

An appropriate Order will be entered.

                                          s/ Faith s. Hochberg
                                          Faith S. Hochberg
                                          United States District Judge

Dated: February 8, 2013

---

v. Board of Education, 45 F.3d 161, 163 (7th Cir. 1995).