# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**Chambers of**
**Michael A. Hammer**
United States Magistrate Judge

Martin Luther King Jr, Federal Bldg.
& U.S. Courthouse
50 Walnut Street, Room
Newark, NJ 07102
(973) 776-7858

February 4, 2014

## LETTER OPINION & ORDER

Myzel Frierson
6154 West Columbia Ave.
Philadelphia, PA 19151

    RE:    **Frierson v. New Jersey Department of Corrections, et al.**
               **Civil Action No. 13-682 (FSH)**

Dear Litigants:

    Presently before the Court is Plaintiff's May 6, 2013 application for pro bono counsel under 28 U.S.C. § 1915(e)(1) and December 9, 2013 request for additional time to file an amended complaint. For the reasons set forth below, Plaintiff's request for the appointment of pro bono counsel is denied without prejudice and Plaintiff shall be provided 60 days from the date of this Order to file an amended complaint that complies with the Court's prior orders.

### Background

    On January 31, 2013, Plaintiff submitted a Complaint alleging that he suffered injuries when attempting to shower in a non-handicapped-accessible shower while incarcerated in Northern State Prison. See Compl., ECF No. 1. At that time, Plaintiff also applied to proceed in forma pauperis. IFP Application, ECF No. 1. On February 8, 2013, the Hon. Faith S. Hochberg dismissed this action based upon certain procedural deficiencies. See ECF Nos. 2-3. On October 30, 2013, Judge Hochberg reopened this case and granted Plaintiff's in forma pauperis application. See ECF No. 23.

    Plaintiff applied for the appointment of pro bono counsel on May 6, 2013. See ECF No. 13. Plaintiff claimed that Defendants had subjected him to "undue hardship" and preventing him from obtaining documents relevant to his claims. Id.

1

In a letter dated December 3, 2013, Plaintiff requested an additional 30 days to amend his complaint. See ECF No. 24. Plaintiff also notified the Court that he had been released from prison the previous day and provided a mailing address for future correspondences. Id.

**Appointment of Pro Bono Counsel**

In civil cases, neither the Constitution nor any statute gives civil litigants the right to appointed counsel. Parham v. Johnson, 126 F.3d 454, 456–57 (3d Cir. 1997). District courts, however, have broad discretion to determine whether appointment of counsel is appropriate under 28 U.S.C. § 1915(e). Montgomery v. Pinchack, 294 F.3d 492, 498 (3d Cir. 2002) (citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993)). Appointment of counsel may be made at any point in the litigation, including sua sponte by the Court. Montgomery, 294 F.3d at 498 (citing Tabron, 6 F.3d at 156).

In the Third Circuit, the Court considers the framework established in Tabron v. Grace. Montgomery, 294 F.3d at 498–99. Under the Tabron framework, the Court must first assess "whether the claimant's case has some arguable merit in fact and law." Montgomery, 294 F.3d at 499 (citing Tabron 6 F.3d at 155.) If the applicant's claim has some merit, the Court considers the following factors:

(1) the plaintiff's ability to present his or her own case;
(2) the complexity of the legal issues;
(3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
(4) the amount a case is likely to turn on credibility determinations;
(5) whether the case will require the testimony of expert witnesses;
(6) whether the plaintiff can attain and afford counsel on his own behalf.

Parham, 126 F.3d at 457–58 (citing Tabron, 6 F.3d at 155–56, 157 n.5). This list is not exhaustive, but provides guideposts for the Court. Montgomery, 294 F.3d at 499 (citing Parham, 126 F.3d at 457). A court's decision to appoint counsel "must be made on a case-by-case basis." Tabron, 6 F.3d at 157–58. Also, the Court of Appeals for the Third Circuit has stated that "courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." Montgomery, 294 F.3d at 499 (Parham, 126 F.3d at 458.)

Here, the Court assumes that Plaintiff's claim has merit. Nevertheless, consideration of the Tabron factors does not demonstrate that appointment is warranted at this time.

First, Plaintiff appears to be able to present his case. When considering ability to present a case, courts generally consider a plaintiff's "education, literacy, prior work experience, and prior litigation experience." Tabron, 6 F.3d at 156. If a plaintiff is incarcerated, courts also consider restraints in place by virtue of the confinement. Id.

2

Here, Plaintiff does not offer any information about his education or prior litigation experience. Plaintiff's primary argument for the appointment of pro bono counsel was Defendants' alleged attempts to frustrate the litigation process while Plaintiff was incarcerated. As Plaintiff is no longer incarcerated, these concerns appear to be largely mooted. Furthermore, based upon the present record, Plaintiff has demonstrated a basic understanding of the actions he should take in furtherance of his claim. For example, while incarcerated, Plaintiff filed his Complaint and applications for proceeding in forma pauperis and for pro bono counsel. Since his release, he has submitted appropriate documents and articulated the basis for the relief sought. Further, Plaintiff's Complaint and applications are clearly written and show that he has the ability to effectively communicate his ideas. Based upon the allegations and the facts from which they arise, and because "the factual and legal issues 'have not been tested or developed by the general course of litigation'" in a way that shows any level of complexity, Plaintiff has not demonstrated an inability to present his case. Burns v. Taylor, Civ. No. 08-4234, 2008 U.S. Dist. LEXIS 83809, at *3 (D.N.J. Oct. 9, 2008) (quoting Chatterjee v. Philadelphia Federation of Teachers, 2000 U.S. Dist. LEXIS 10278, at *1 (E.D. Pa. July 18, 2000)). For these reasons, this factor weighs against appointment of counsel.

Second, Plaintiff's claims do not involve complex legal issues. Complexity supports appointment "where the law is not clear, [as] it will often best serve the ends of justice to have both sides of a difficult legal issue presented by those trained in legal analysis." Tabron, 6 F.3d at 156 (quoting Macklin v. Freake, 650 F.2d 885, 889 (7th Cir. 1981); accord Montgomery, 294 F.3d at 502. Courts also consider "the proof going towards the ultimate issue and the discovery issues involved." Parham, 126 F.3d at 459; see also Montgomery, 294 F.3d at 502–03 (finding appointment appropriate when, despite simple legal issues, discovery and presentation difficulties compromised plaintiff's case). Here, Plaintiff's claims do not present any complex legal issues. Furthermore, the facts of his case are fairly straightforward. Cf. Clinton v. Jersey City Police Dept., Civ. No. 07-5686, 2009 U.S. Dist. LEXIS 64464 at *10 (D.N.J. July 23, 2009) (noting that the law surrounding a plaintiff's civil rights claim of excessive force against police was "well developed" and did not warrant the appointment of pro bono counsel). Thus, this factor does not support appointing counsel.

Third, there is no indication that Plaintiff lacks the ability to conduct a factual investigation without the assistance of counsel. The claims appear to involve a relatively discreet set of facts, many of which Plaintiff presumably has personal knowledge or, at a minimum, is equipped to investigate. While Plaintiff made certain allegations regarding his ability to conduct discovery while incarcerated, these concerns are largely mooted by his release from prison.

Fourth, it is not apparent that this case will turn on credibility determinations. Because "it is difficult to imagine" a case where credibility is not important, the Court of Appeals for the Third Circuit has specified that "when considering this factor, courts should determine whether the case [is] solely a swearing contest." Parham, 126 F.3d at 460. At this early stage of the litigation, the extent to which this case will rest on credibility determinations is not yet apparent. Accordingly, this factor militates neither in favor nor against appointing counsel.

3

Fifth, there is no indication that any expert testimony will be required at trial. Based upon the submissions, it appears Plaintiff's alleged injuries are documented and would be understandable to a jury, and hence, may not require experts to speak on the subject. See Montgomery, 294 F.3d at 504 (noting that experts are generally needed to prove "the seriousness of injury or illness [that] would not be apparent to a lay person"). Thus, Plaintiff has not satisfied this Tabron factor.

Sixth, while the Court granted plaintiff IFP status, plaintiff has not detailed his efforts to obtain counsel on his own. Accordingly, this factor does not favor appointment. See Parham, 126 F.3d at 461. But even to the extent that plaintiff has shown himself to be indigent for purposes of the sixth Tabron factor, that showing alone does not support appointment of pro bono counsel. See Clinton v. Jersey City Police Dep't, Civ. No. 07-5686, 2009 WL 2230938, at *1 n.4 (D.N.J. July 24, 2009) ("While indigence is a prerequisite for the appointment of counsel, indigence alone does not warrant appointment of counsel absent satisfying other Tabron factors.").

This record does not meet most of the Tabron factors, and, therefore, the Court finds that appointment of pro bono counsel is inappropriate at this time. Cf. Parham, 126 F.3d at 461 (finding appointment appropriate where most factors are met).

For all these reasons, the Court denies Plaintiff's application for the appointment of pro bono counsel without prejudice.

**Motion to Amend**

Through his December 3, 2013 letter, Plaintiff requested a 30-day extension to file an amended complaint in this matter. See ECF No. 24. This application appears to be motivated, at least in part, on Defendants' alleged destruction of certain documents including Plaintiff's copy of his initial filings. See ECF Nos. 18, 24. Based upon the Court's consideration of the record and applicable law, the Court concludes that Plaintiff has demonstrated "good cause" for the modification of the schedule set in Judge Hochberg's October 30, 2013 Order. See ECF No. 23.

While Plaintiff requested an additional 30 days to amend his complaint, Plaintiff has notified the Court that he is homeless and the address he provided is a mailing address only. Therefore, it is unclear how long of a delay will occur between the issuance of this order and Plaintiff's receipt of same. Therefore, to avoid any additional extension requests and to provide Plaintiff with sufficient time to either secure representation or amend the complaint himself, the Court shall order that Plaintiff shall amend his Complaint on or before **April 1, 2014.**

**Conclusion**

For the reasons set forth above, the Court denies Plaintiff's application for the appointment of pro bono counsel without prejudice and grants Plaintiff's request for an extension

4

of time to amend his complaint.

                                        **So Ordered**,

                                        **s/ *Michael A. Hammer***
                                        **UNITED STATES MAGISTRATE JUDGE**